IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JESUS PEREZ,

    Plaintiff,                            CV F 07 0720 AWI WMW PC

    vs.                                   ORDER DISMISSING COMPLAINT
                                          WITH LEAVE TO
                                          FILE AN AMENDED COMPLAINT

                                          (THIRTY DAY DEADLINE)

MS. SEVERSON,

    Defendant.

Plaintiff is a state prisoner proceeding prose in a civil rights action pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

This action proceeds on the complaint. Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation at California City, brings this civil rights action against defendant Severson, an employee of the CDCR at California City.

Plaintiff's claims in this complaint is that he was denied access to the courts. Specifically, Plaintiff alleges failed to provide Plaintiff with certain forms. As a result, Plaintiff "missed the time line to file the forms in time. The court orders affected by marriage and the custody of my children."

Because states must ensure indigent prisoners meaningful access to the courts, prison

officials are required to provide either (1) adequate law libraries, or (2) adequate assistance from persons trained in the law.  Bounds v. Smith, 430 U.S. 817, 828 (1977).  Under prior law, Bounds was treated as establishing "core requirements," such that a prisoner alleging deprivation of the Bounds minima need not allege actual injury to state a constitutional claim.  Sands v. Lewis, 886 F.2d 1166, 1171 (9th Cir. 1989).  Recent Supreme Court precedent abolishes such approach, however, providing that all inmate claims for interference with access to the court include "actual injury" as an element.  Casey v. Lewis, 518 U.S.343  (1996).

To establish a Bounds violation, a prisoner must show that his prison's law library or legal assistance program frustrated or impeded his ability to pursue a nonfrivolous legal claim.  Casey, supra, 518 U.S. 343, 347.  The right of access does not require the State to "enable the prisoner to discover grievances" or to "litigate effectively once in court."  The Casey Court further limits the right of access to the courts, as follows:

> Finally, we must observe that the injury requirement is not satisfied by just any type of frustrated legal claim .... Bounds does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims.  The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement.  Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

Casey, supra, 518 U.S. at 346.

The Casey Court encouraged local experimentation in various methods of assuring court access, including such approaches as "replac[ing] libraries with some minimal access to legal advice and a system of court-provided forms ... [which] ask the inmates to provide only the facts and not to attempt any legal analysis."  Casey, supra, 518 U.S. at 346.  Finally, Casey reminds lower courts that under Turner v. Safley, 482 U.S. 78 (1987), even where a prison regulation does impinge on inmates' constitutional rights, the regulation "is valid if it is reasonably related to legitimate penological interests."  Id. at 348.

Here, Plaintiff fails to allege facts indicating that he has been impeded in his ability to challenge either his conviction or the conditions of his confinement.  The complaint must therefore be dismissed.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  <u>See</u> <u>Ellis v. Cassidy</u>, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976); <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  <u>See</u> <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed; and

2. Plaintiff is granted thirty days from the date of service of this order to file a first amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint."  Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

1  IT IS SO ORDERED.

2  **Dated:   July 7, 2008**                              **/s/  William M. Wunderlich**
                                                          UNITED STATES MAGISTRATE JUDGE